IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| ENTEGEE, INC., | ) |
| Plaintiff, | ) |
| v. | ) Civil No. 1:17-cv-499-CMH-MSN |
| METTERS INDUSTRIES, INC., | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on Plaintiff's Statement of Fees and Costs (Dkt. No. 105-1). On June 6, 2018, Plaintiff submitted this statement to Defendant, pursuant to the Court's Order dated May 30, 2018, requesting $27,324.00 in attorney's fees and $247.50 in costs expended in connection with Plaintiff's Motion to Compel and Dr. Metters' Motion to Quash. *See* Non-Party Dr. Samuel Metters' Opp'n to Plaintiff's Statement of Fees & Costs [hereinafter Dr. Metters' Opp'n] at 1 (Dkt. No. 105); *see* Ex. A (Dkt. No. 105-1). On June 13, 2018, Dr. Metters filed his Opposition to Plaintiff's Statement of Fees and Costs (Dkt. No. 105), arguing that the Court should deny Plaintiff's request based upon its failure "to comply with the law requiring documentation and verification of fees and costs." *Id.* at 2. Dr. Metters argued that, in the alternative, Plaintiff is not entitled to the full amount sought in the statement. *See id.* at 2. Because the Court finds no basis for Dr. Metters' attempt to avoid paying fees and costs and deems Plaintiff's documentation to be sufficient, it focuses on his latter argument.

**I. Legal Standard**

Upon determining that an award of attorney's fees and costs is appropriate, a court employs the lodestar method to assess the amount. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 801 (2002). The lodestar method consists of "multiplying the number of reasonable hours expended

times a reasonable rate." *McAfee v. Boczar*, 738 F.3d 81, 88 (4th Cir. 2013) (quoting *Robinson v. Equifax Information Servs., LLC*, 560 F.3d 235, 243 (4th Cir. 2009)). To establish such hours and rate, a court considers the following:

> (1) Time and labor expended;
> (2) Novelty and difficulty of the questions raised;
> (3) Skill required to properly perform the legal services rendered;
> (4) The attorney's opportunity costs in pressing the instant litigation;
> (5) The customary fee for like work;
> (6) The attorney's expectations at the outset of the litigation;
> (7) The time limitations imposed by the client or circumstances;
> (8) The amount in controversy and the results obtained;
> (9) The experience, reputation, and ability of the attorney;
> (10) The undesirability of the case within the legal community in which the suit arose;
> (11) The nature and length of the professional relationship between attorney and client; and
> (12) Attorneys' fees awards in similar cases.

*Barber v. Kimbrell's Inc.*, 577 F.2d 216, 226 n.28 (4th Cir. 1978) (citing *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974)). A court thereafter "subtract[s] fees for hours spent on unsuccessful claims unrelated to successful ones" and "award[s] some percentage of the remaining amount, depending on the degree of success enjoyed." *McAfee*, 738 F.3d at 88 (citations omitted) (quotation marks omitted). Lastly, a court reviews the costs.

## II. Lodestar Calculation

Upon a review of the 12 factors above, the Court finds that factors (2) novelty of and difficulty of the questions raised, (4) the attorney's opportunity costs in pressing the instant litigation, (6) the attorney's expectations at the outset of the litigation, (7) the time limitations imposed by the client or circumstances, (8) the amount in controversy, (10) the undesirability of the case, and (11) the nature and length of the attorney-client relationship are not significant. Rather, factors (1) time and labor expended, (3) skill required, (5) customary fee, (9) the experience, reputation, and ability of the attorney, and (12) fee awards in similar cases are noteworthy. The Court first evaluates Plaintiff's counsel, John Pennington's time and labor

2

expended and then applies factors 3, 5, 9, and 12 to assess his rate.

### A. Reasonable Time

Plaintiff asserts that Dr. Metters' filing of a "baseless [M]otion to [Q]uash" and "baseless opposition" to its Motion to Compel required it to "research, draft, and file three separate briefs and to undertake the exhaustive effort of searching for, collecting, and reviewing documents that would contradict the CEO of Metters' counsel's false statements."[1] Pl.'s Response to Dr. Metters' Opp'n to Statement of Fees [hereinafter Pl.'s Response to Metters' Opp'n] at 1–2 (Dkt. No. 110). But as Dr. Metters noted in his Opposition to Plaintiff's Statement of Fees and Costs (Dkt. No. 105), Plaintiff's Motion to Compel and Opposition to the Motion to Quash were almost identical, *see* Ex. B (Dkt. No. 105-2), and thus filing the Opposition did not warrant the amount of time and labor Mr. Pennington, expended—a total of 16.9 hours[2] researching, drafting, and reviewing documents relevant to both pleadings. Much of the 17-page opposition consists of background information previously provided to the Court in Plaintiff's Motion to Compel, and in the argument section, no new information is provided, *see* Ex. B at 21 (Dkt. No. 105-2). In fact, several sentences are deleted, which accounts for the minimal distinctions between the two filings. *See id.* at 20, 23, 26. The exhibits attached to both pleadings are identical, with the exception of ten attachments that are primarily email correspondence between the parties' counsel or between Mr. Pennington and counsel for Sonabank. *Compare* Pennington

---

[1] Plaintiff asks for $31,459.50 in his reply brief, an increase of $3,888.00 from the amount provided in its statement of fees. *Compare* Pl.'s Response to Dr. Metters' Opp'n at 2 *with* Ex. A (Dkt. No. 105-1). The $31,459.50 includes Plaintiff's attorney's fees associated with preparing this response. *See* Pl.'s Response to Dr. Metters' Opp'n at 18. Because the Court only granted the award of fees and costs "incurred in relation to Defendant's Motion to Quash and Plaintiff's Motion to Compel[,]" the Court will only consider the amount sought in Plaintiff's Statement of Fees and Costs: $27,324.00 in fees and $247.50 in costs for a total of $27,571.50.

[2] The 16.9 hours consists of 3.3 hours on May 21, 2018 "research[ing] law and review[ing] documents related to opposition to motion to quash," 7.5 hours on May 22, 2018 doing the same as well as drafting the opposition, 5.5 hours on May 23, 2018 drafting the opposition and preparing exhibits and a declaration, and .6 hours that same day reviewing the opposition and exhibits and engaging in additional research. *See* Ex. A (Dkt. No. 105-1).

Decl. (Dkt. No. 100) *with* Pennington Decl. (Dkt. No. 91-1).[3]

Accordingly, the Court finds it reasonable to reduce Mr. Pennington's hours by the time expended on the Opposition to the Motion to Compel, 16.9 hours. Moreover, Plaintiff's counsel spent 31 hours[4] working on the Motion to Compel and 9.2 hours[5] on the Reply, which is higher than the Court would expect for discovery motions of this nature. It is therefore appropriate to discount both amounts by one-half, or 15.5 hours and 4.6 hours, respectively. Furthermore, Mr. Pennington prepared for oral argument on May 29, 2018 for 9.8 hours, which the Court finds excessive and should be reduced by 8.8 hours. Consequently, the final total for Mr. Pennington's hours is 30.1 hours.

### B. Reasonable Rate

The Court consistently employs the *Vienna Metro* matrix in determining the customary rates for attorneys engaged in commercial litigation in northern Virginia. *See Vienna Metro LLC v. Pulte Home Corp.*, 786 F. Supp. 2d 1090 (E.D. Va. 2011). The matrix provides a range of hourly rates appropriate for attorneys with varying years of experience:

| Range of Hourly Rates in Northern Virginia | | | | | |
|---|---|---|---|---|---|
| Years of Experience | 1-3 | 4-7 | 8-10 | 11-19 | 20+ |
| Hourly Rate | $250-435 | $350-600 | $465-640 | $520-770 | $505-820 |

It is applicable in this case, as it has been in other recent commercial litigation cases before this Court. *See, e.g.*, *Burke v. Mattis*, No. 1:16-cv-1256, 2018 WL 2717225, at *3–*4 (E.D. Va. June 4, 2018) (finding *Vienna Metro* matrix rates reasonable with some downward adjustment); *Hair Club for me, LLC v. Ehson*, No. 1:16-cv-236, 2017 WL 1250998, at *8 (E.D. Va. Apr. 3, 2017)

---

[3] Even Plaintiff's Response to Dr. Metters' Opposition to Statement of Fees is repetitive, incorporating background information that this Court has now reviewed in multiple pleadings (Dkt. No. 110). *See generally* Pl.'s Mot. to Compel Compliance with Subpoena & for Sanctions (Dkt. No. 90); Pl.'s Opp'n to Mot. to Quash (Dkt. No. 94); Pl.'s Reply in Supp. of Mot. to Compel & for Sanctions (Dkt. No. 96). *See also* Non-Party Dr. Metters' Sur-Reply to Pl.'s Reply to Opp'n to Statement of Fees & Costs at 3 (Dkt. No. 122).
[4] This includes entries 6-12 on the first page of the timesheet. *See* Ex. A at 1 (Dkt. No. 105-1).
[5] This includes entries 7-10 on the second page of the timesheet. *See id.* at 2.

(holding that lower end of *Vienna Metro* rates range is reasonable); *BMG Rights Mgmt. (US) LLC v. Cox Commc'ns, Inc.*, 234 F. Supp. 3d 760, 770–73 (E.D. Va. 2017) (finding *Vienna Metro* matrix rates reasonable), *vacated on other grounds by* 881 F.3d 293 (4th Cir. 2018).

The *Vienna Metro* matrix accounts for factors (3) skill required, (5) customary fee, (9) the experience, reputation, and ability of the attorney, and (12) fee awards in similar cases by providing a stable and consistent rate for attorneys in the Northern Virginia area based on their skill in commercial litigation cases and years of experience. The Court finds no reason to deviate from the reasonable range of rates provided in the *Vienna Metro* matrix.

As Mr. Pennington's hourly rate, $360.00, is in accordance with the *Vienna Metro* matrix based upon his years of experience, the Court finds his hourly rate to be reasonable. *See* Pl.'s Response to Metters' Opp'n at 18; Pennington Decl. ¶ 13 (Dkt. No. 110-8). It falls within the lower range of the *Vienna Metro* matrix for attorneys with four to seven years of experience.

### C. Applying Reductions to the Lodestar Figure

After applying the reductions described above, Mr. Pennington is entitled to the following award:

| Requested Hours | Adjusted Hours | Hourly Rate | Reduced Award |
|---|---|---|---|
| 75.9 | 30.1 | $360.00 | $10,836.00 |

Accordingly, the final results of the lodestar calculation generate a total of $10,836.00 for Plaintiff's attorney's fees in pursuing the Motion to Compel and opposing the Motion to Quash. Because the Court finds that Plaintiff was the prevailing party on both motions, it need not further reduce the lodestar figure.

### III. Costs

Plaintiff also requests $247.50 in costs related to Dr. Metters' failure to appear for his first noticed deposition. *See* Ex. A (Dkt. No. 105-1). The Court determines this cost to be

reasonable and in accordance with its Order dated May 30, 2018, granting Plaintiff's Motion to Compel and denying Dr. Metters' Motion to Quash (Dkt. No. 103).

### IV. Conclusion

For the foregoing reasons, it is hereby ORDERED that Dr. Metters or his defense counsel shall pay **$11,083.50** to Plaintiff's counsel within ten (10) days of this date of this Order.

/s/
Michael S. Nachmanoff
United States Magistrate Judge

July 19, 2018
Alexandria, Virginia