IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| ENTEGEE, INC. | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No.: 1:17-cv-00499-LMB-MSN |
| METTERS INDUSTRIES, INC., | ) ) ) |
| Defendant. | ) ) |
| ENTERPRISE SERVICES, LLC, | ) ) |
| Counterclaimant, | ) ) |
| v. | ) ) |
| ENTEGEE, INC., *et al.*, | ) ) |
| Counterclaim Defendants. | ) ) |

**COUNTERCLAIM DEFENDANT SONABANK, N.A.'S
ANSWER TO COUNTERCLAIM IN INTERPLEADER**

Counterclaim Defendant Sonabank, N.A. ("Sonabank") by and through its undersigned attorneys, hereby answers the Counterclaim in Interpleader ("Counterclaim") filed by Counterclaimant Enterprise Services, LLC ("ES") and states the following:

**INTRODUCTION**

1. Paragraph 1 of the Counterclaim states opinions and contains legal conclusion and statements that are conclusory in nature and, therefore, no response is required.

2. Paragraph 2 of the Counterclaim states opinions and contains legal conclusion and statements that are conclusory in nature and, therefore, no response is required. To the extent paragraph 2 contains any factual allegations, Sonabank admits that, through the

Counterclaim, ES seeks to tender the amount of the Metters Fund into the registry of the Court and to have the Court adjudicate all competing rights and obligations with respect to the Metters Fund. Sonabank is without sufficient knowledge and information to form a belief as to the truth of the remaining factual allegations in paragraph 2 and, therefore, denies same.

3. Sonabank is without sufficient knowledge and information to form a belief as to the truth of the allegations in paragraph 3 of the Counterclaim, and, therefore, denies same.

4. Sonabank admits that it has an interest in and a right to all of the money in the Metters Fund and, therefore, also admits that the Metters Fund is insufficient to satisfy any claim to those funds asserted by any other Counterclaim Defendant.

5. Sonabank admits that ES is not in a position and should not be required to resolve any competing claims to the Metters Fund. Sonabank is without sufficient knowledge and information to form a belief as to the truth of the remaining allegations in paragraph 5 of the Counterclaim and, therefore, denies same.

6. Sonabank admits that, through the Counterclaim, ES seeks to interplead the Metters Fund and to deposit those funds into the registry of the Court and further seeks a release of any liability to any competing claims to the Metters Fund. The remaining allegations in paragraph 6 of the Counterclaim state opinions and contain legal conclusion and statements that are conclusory in nature and, therefore, no further response is required.

## **THE PARTIES**

7. Sonabank is without sufficient knowledge and information to form a belief as to the truth of the allegations in paragraph 7 of the Counterclaim concerning the corporate citizenship of ES and, therefore, denies same.

4849-6556-9392, v. 1

8. Sonabank is without sufficient knowledge and information to form a belief as to the truth of the allegations paragraph 8 of the Counterclaim concerning the corporate citizenship of Entegee, Inc. ("Entegee") and, therefore, denies same.

9. Sonabank admits the allegations in paragraph 9 of the Counterclaim.

10. Sonabank admits that it is a Virginia state chartered bank headquartered in Glen Allen, Virginia. To the extent not admitted, Sonabank denies the remaining allegations in paragraph 10 of the Counterclaim.

11. Sonabank is without sufficient knowledge and information to form a belief as to the truth of the allegations paragraph 11 of the Counterclaim concerning the corporate citizenship of Cigna Health and Life Insurance Company ("Cigna") and, therefore, denies same.

12. Sonabank admits the allegations in paragraph 12 of the Counterclaim.

## JURISDICTION AND VENUE

13. Paragraph 13 of the Counterclaim asserts a legal conclusion and thus, Sonabank is under no obligation to admit or deny the allegations therein. Sonabank admits that the value of the property of which ES is claiming possession exceeds $500 and also admits that ES is claiming that there are two adverse claimants of diverse citizenship.

14. Paragraph 14 of the Counterclaim asserts a legal conclusion and thus, Sonabank is under no obligation to admit or deny the allegations therein. Sonabank admits that, at least, two of the Counterclaim Defendants maintain their principal places of business in the Eastern District of Virginia. Sonabank is without sufficient knowledge and information to form a belief as to the truth of the remaining factual allegations in paragraph 14 concerning the residency of Counterclaim Defendants other than itself and Metters, Inc. ('Metters"), and, therefore, denies same.

## GENERAL ALLEGATIONS

15. Sonabank is without sufficient knowledge and information to form a belief as to the truth of the allegations in paragraph 15 of the Counterclaim, and, therefore, denies same.

16. Sonabank is without sufficient knowledge and information to form a belief as to the truth of the allegations in paragraph 16 of the Counterclaim, and, therefore, denies same

17. Sonabank is without sufficient knowledge and information to form a belief as to the truth of the allegations in paragraph 17 of the Counterclaim, and, therefore, denies same.

18. Sonabank is without sufficient knowledge and information to form a belief as to the truth of the allegations in paragraph 18 of the Counterclaim, and, therefore, denies same.

19. Sonabank is without sufficient knowledge and information to form a belief as to the truth of the allegations in paragraph 19 of the Counterclaim, and, therefore, denies same.

20. Sonabank is without sufficient knowledge and information to form a belief as to the truth of the allegations in paragraph 20 of the Counterclaim, and, therefore, denies same.

21. Sonabank is without sufficient knowledge and information to form a belief as to the truth of the allegations in paragraph 21 of the Counterclaim, and, therefore, denies same.

22. Sonabank is without sufficient knowledge and information to form a belief as to the truth of the allegations in paragraph 22 of the Counterclaim, and, therefore, denies same.

**The Threat of Multiple Litigation and Multiple Liability**

23. Sonabank admits that, according to this Court's docket, Entegee sued Metters on May 12, 2017. The remaining allegations in paragraph 23 of the Counterclaim requests Sonabank to admit or deny certain allegations set forth in the Complaint, docketed ECF No. 1, and Sonabank declines to do so because the Complaint speaks for itself. To the extent paragraph

4849-6556-9392, v. 1

23 misquotes, mischaracterizes, or misinterprets the allegations of the Complaint, Sonabank denies same.

24. Sonabank admits that, according to this Court's docket, Entegee obtained a judgment against Metters on January 16, 2018 in the amount of $938,507.59, including interest, fees, and costs.

25. Sonabank admits that, according to this Court's docket, Cigna filed suit against Metters on June 1, 2018. The remaining allegations in paragraph 25 of the Counterclaim requests Sonabank to admit or deny certain allegations set forth in the Complaint filed in *Cigna Health and Life Insurance Company v. Metters Industries, Inc.*, Case No. 1:18-cv-00663 (LMB/MSN), and Sonabank declines to do so because the Complaint in that case speaks for itself. To the extent paragraph 25 misquotes, mischaracterizes, or misinterprets the allegations of that Complaint, Sonabank denies same.

26. Sonabank admits that according to this Court's docket, on July 12, 2018, the Clerk of this Court entered default against Metter in favor of Cigna in the amount of $318.910.93.

27. Sonabank admits that according to this Court's docket, a garnishment summons was requested by Entegee and issued by this Court to be served on ES. Sonabank is without sufficient knowledge and information to form a belief as to the truth of the allegations in paragraph 27 of the Counterclaim concerning service of the garnishment summons, and, therefore, denies same. The remaining allegations in paragraph 27 of the Counterclaim requests Sonabank to admit or deny certain language set forth in the referenced garnishment summons, and Sonabank declines to do so because the garnishment summons speaks for itself. To the
4849-6556-9392, v. 1

extent paragraph 27 misquotes, mischaracterizes, or misinterprets what is set forth in the garnishment summons, Sonabank denies same.

28. Sonabank is without sufficient knowledge and information to form a belief as to the truth of the allegations in paragraph 28 of the Counterclaim, and, therefore, denies same.

29. Sonabank admits that, according to this Court's docket, Cigna obtain a default judgment against Metters. Sonabank is without sufficient knowledge and information to form a belief as to the truth of the remaining allegations in paragraph 29 of the Counterclaim, and, therefore, denies same.

30. Sonabank is without sufficient knowledge and information to form a belief as to the truth of the allegations in paragraph 30 of the Counterclaim, and, therefore, denies same.

31. Sonabank admits that on July 26, 2018, counsel for Metters notified ES by e-mail that: (a) SonaBank has formally declared Metters in default of its loan obligations, and (b) SonaBank asserts a prior, perfected security interest in all of Metters' assets, including the Metters Fund. Sonabank also admits that its right to the Metters Fund is superior to any claim belonging to Entegee. Sonabank denies the remaining allegations in paragraph 31 of the Counterclaim.

32. Sonabank admits that Metters' total liabilities to the bank exceed the $1,529,011.05, representing the Metters Fund. Sonabank also admits that, according to this Court's docket, the judgments obtained by Entegee and Cigna against Metters total more than $1.2 million.

33. Sonabank admits that ES faces, at least, two competing, and conflicting demands for the Metters Fund. To the extent not admitted, Sonabank is without sufficient knowledge and

4849-6556-9392, v. 1

information to form a belief as to the truth of the remaining allegations in paragraph 33 of the Counterclaim, and, therefore, denies same.

## COUNT I: INTERPLEADER

34. Sonabank adopts and incorporates by reference their responses to the allegations contained in paragraphs 1 through 33 of the Counterclaim.

35. Sonabank admits, on information and belief, the allegation in in paragraph 33 of the Counterclaim.

36. Sonabank is without sufficient knowledge and information to form a belief as to the truth of the allegations in paragraph 36 of the Counterclaim, and, therefore, denies same.

37. Sonabank admits that, according to this Court's docket, Entegee and Cigna obtained judgments against Metters in this Court and the total amount of those judgments exceed $1.2 million. Sonabank also admits that, according to this Court's docket, the Clerk of this Court entered default against Metter in favor of Cigna. Sonabank denies the remaining allegations in paragraph 37 of the Counterclaim.

38. Sonabank admits, based on this Court's docket, the allegations in paragraph 38 of the Counterclaim.

39. Sonabank admits the allegations in paragraph 39 of the Counterclaim.

40. Sonabank is without sufficient knowledge and information to form a belief as to the truth of the allegations in paragraph 40 of the Counterclaim, and, therefore, denies same.

41. Sonabank is without sufficient knowledge and information to form a belief as to the truth of the allegations in paragraph 41 of the Counterclaim, and, therefore, denies same.

42. Sonabank is without sufficient knowledge and information to form a belief as to the truth of the allegations in paragraph 42 of the Counterclaim, and, therefore, denies same.

43. Sonabank is without sufficient knowledge and information to form a belief as to the truth of the allegations in paragraph 43 of the Counterclaim, and, therefore, denies same.

44. Paragraph 44 of the Counterclaim asserts a legal conclusion and thus, Sonabank is under no obligation to admit or deny the allegations therein. To the extent a response is required, Sonabank admits that interpleading the Metters Fund into the registry of the Court is appropriate for the purpose of determining the rights and entitlements to those monies.

WHEREFORE, having responded to the Counterclaim filed by Counterclaimant Enterprise Services, LLC, Counterclaim Defendant Sonabank consents to the entry of an order requiring Enterprise Services, LLC to pay into the registry of the Court the sum of $1,529,011.05, representing the Metters Fund, for the purpose of determining the rights and entitlement to those monies and requests entry of an order (a) finding that Counterclaim Defendant Sonabank's right to the Metters Fund is superior to any right claimed by the other Counterclaim Defendants; (b) awarding the Metters Fund to Counterclaim Defendant Sonabank; and (c) instructing the Clerk of the Court to release the Metters Fund to Counterclaim Defendant Sonabank.

 Respectfully submitted,

 **SONABANK, N.A.**
 By Counsel

_____/s/_____
Laura Golden Liff (VSB #80618)
**MILES & STOCKBRIDGE P.C.**
1751 Pinnacle Drive, Suite 1500
Tysons Corner, VA 22102-3833
703-903-9000 (p)
703-610-8686 (f)
lliff@milesstockbridge.com

Brian Moffet *(admitted Pro Hac Vice)*
**MILES & STOCKBRIDGE P.C.**
100 Light Street
Baltimore, MD  21202
410-727-6464 (p)
410-773-9138 (f)
bmoffet@milesstockbridge.com

*Counsel for Sonabank, N.A.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that on this 17th day of August, 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all counsel of record.

                                                                                   */s/*
                                                                        Laura Golden Liff